UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT,<br><br>                Plaintiff,<br>    v.<br><br>FIRST STUDENT, INC.; STRATA ENVIRONMENTAL SERVICES, INC.,<br><br>                Defendants. | CASE NO. 3:23-cv-05084-DGE<br><br>ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 9) |

**I      INTRODUCTION**

This matter comes before the Court on Defendant Strata Environmental Services, Inc.'s ("Strata") motion to dismiss (Dkt. No. 9). For the reasons articulated herein, the Court GRANTS in part Strata's motion.

**II      BACKGROUND**

Plaintiff Waste Action Project brings suit against Strata and First Student, Inc. ("First Student") for violations of effluent standards and limitations under the Clean Water Act

ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 9) - 1

1  ("CWA"), including the requirements imposed by First Student's National Pollutant Discharge

2  Elimination System ("NPDES") permit.  (Dkt. No. 1.)

3        Waste Action Project is an environmental non-profit focused on environmental protection

4  in Washington State, particularly water quality issues.  (*Id.* at 3.)  First Student owns a storage

5  and transloading facility for marine and construction materials located at 1128 St. Paul Avenue,

6  Tacoma, WA 98421 ("Facility #20229").  (*Id.* at 5.)  The complaint contains no details regarding

7  Strata.

8        The CWA forbids persons from discharging pollutants unless they otherwise comply with

9  the CWA.  *See* 33 U.S.C. § 1311(a).  The EPA Administrator may authorize a person to

10  discharge a pollutant into navigable waters if they receive a permit from the EPA.  *See* 33 U.S.C.

11  § 1342(a).  The CWA also permits states to develop their own permitting systems to regulate

12  discharges of pollutants into navigable waters, subject to approval by the EPA Administrator.

13  *See* 33 U.S.C. § 1342(b).  Washington State has a federally approved NPDES permit program.

14  *See* Wash. Rev. Code § 90.48.260.

15        First Student received Industrial Stormwater General Permits ("ISGP") from Washington

16  State—first in December 2014 and then in December 2019 once the initial permit expired.  (Dkt.

17  No. 1 at 6.)  The ISGP authorizes First Student to discharge stormwater into Thea Foss

18  Waterway (and eventually into the Puget Sound).  (*Id.*)  The permits contain effluent limits and

19  other requirements, including "monitoring requirements, corrective action requirements, and

20  reporting and recordkeeping requirements."  (*Id.*)  For example, First Student's ISGP requires it

21  to develop and implement a Stormwater Pollution Prevention Plan ("SWPPP").  (*Id.* at 4.)

22

23

24

Waste Action Project alleges discharges from Facility #20229 have exceeded the effluent limitations imposed by the ISGP (*id.* at 7) and First Student has otherwise not complied with various measurement, planning, and recordkeeping obligations under its permit (*id.* at 8–14).

Waste Action Project sent its notice of intent to sue under the CWA to First Student and Strata on September 7, 2022 and October 7, 2022. (*Id.* at 2.) It also sent copies of the notice letter to the Administrator of the EPA, the Administrator of EPA Region 10, and the Director of the Washington Department of Ecology on September 13, 2022. (*Id.*)

Waste Action Project filed its complaint on February 1, 2023, asserting claims for violations of conditions in First Student's NPDES permit and violations of Administrative Order 14270. (*Id.* at 14–15.) Strata filed a motion to dismiss claims against it on March 22, 2023. (Dkt. No. 9.) Waste Action Project filed a timely response in opposition to the motion (Dkt. No. 13) and Strata filed its reply on April 14, 2023 (Dkt. No. 15).

### III   DISCUSSION

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Strata moves to dismiss Waste Action Project's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 10 at 1.)

   *1. Legal Standard*

The CWA authorizes private persons and organizations to bring civil suits against "any person" that violates effluent standards or limitations. *See* 33 U.S.C. § 1365(a)(1). A party may not bring a citizen suit, however, without providing 60-days' notice to "any alleged violator of the standard, limitation, or order." 33 U.S.C. § 1365(b)(1)(A). The EPA has promulgated regulations which provide further guidance as to how a party may provide pre-suit notice:

> Notice regarding an alleged violation of an effluent standard or limitation or of an order with respect thereto, shall include sufficient information to permit the

ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 9) - 3

> recipient to identify the specific standard, limitation, or order alleged to have been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the location of the alleged violation, the date or dates of such violation, and the full name, address, and telephone number of the person giving notice.

40 C.F.R. § 135.3(a).

The notice requirement is intended to:

> strike a balance between encouraging citizen enforcement of environmental regulations and avoiding burdening the federal courts with excessive numbers of citizen suits. Requiring citizens to comply with the notice and delay requirements serves this congressional goal in two ways. First, notice allows Government agencies to take responsibility for enforcing environmental regulations, thus obviating the need for citizen suits. In many cases, an agency may be able to compel compliance through administrative action, thus eliminating the need for any access to the courts. Second, notice gives the alleged violator "an opportunity to bring itself into complete compliance with the Act and thus likewise render unnecessary a citizen suit."

*Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989) (cleaned up).

Given this purpose, the Ninth Circuit has strictly construed the CWA's notice requirement. *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 998 (9th Cir. 2000) ("[T]he CWA's notice requirement is strictly construed and . . . compliance with the notice requirement is a prerequisite to a citizen enforcement action."). Courts also treat the notice requirement as a jurisdictional issue—if a plaintiff fails to provide proper notice, the Court may not have jurisdiction to hear claims brought pursuant to that notice. *See, e.g., Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) ("[T]he giving of a 60–day notice is not simply a desideratum; it is a jurisdictional necessity.").

Attacks on jurisdiction may either be facial or factual. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Facial attacks on jurisdiction assume the truth of the allegations in the complaint but nonetheless argue the court lacks jurisdiction to hear such claims. *Id.* The court,

in such a posture, must assume the well-pleaded allegations in the complaint are true and construe the complaint in favor of the non-moving party. *Id.*

Factual attacks, by contrast, "dispute[] the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[A] factual attack under Rule 12(b)(1) allows district courts to look beyond 'the face of the pleadings, [and] review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.'" *Southard v. Ballard Marine Constr., Inc.*, 458 F. Supp. 3d 1298, 1303 (W.D. Wash. 2020) (quoting *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988)). The court may consider such evidence without converting the motion to a motion for summary judgment. *Harborview Fellowship v. Inslee*, 521 F. Supp. 3d 1040, 1046 (W.D. Wash. 2021). The plaintiff ultimately bears the burden of proving by a preponderance of the evidence that the Court has jurisdiction. *Leite*, 749 F.3d at 1121.

*2. Consideration of additional documents outside the pleadings*

As an initial matter, the Court must decide what, if any, evidence outside of the pleadings to consider in deciding this motion. Both Waste Action Project and Strata have provided affidavits or other evidence outside of the pleadings to support their arguments. (*See* Dkt. Nos. 9 at 5; 14.)

Strata states it is bringing both a facial and factual attack on this Court's jurisdiction. (*See* Dkt. No. 10 at 7.) Though Strata appears to argue the Court should not consider Waste Action Project's affidavits and evidence submitted in support of its response brief (*see* Dkt. No. 15 at 3), in deciding a factual attack on jurisdiction the Court may consider affidavits and other evidence submitted by either party that touch on the Court's jurisdiction, *see Southard*, 458 F. Supp. 3d at 1303. The Court, accordingly, may look beyond the pleadings to review evidence

ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 9) - 5

going to the Court's jurisdiction without converting Strata's motion into a motion for summary judgment. *Id.*

### 3.  Adequacy of Notice

The Court finds Waste Action Project has provided adequate notice to Strata as required by 33 U.S.C. § 1365(a)(1).

Strata argues Waste Action Project fails to state facts sufficient to establish it provided the requisite notice because the "pre-suit notice letter here was, on its face, directed only to First Student, Inc., and not to Strata Environmental." (Dkt. No. 10 at 8.)  According to Strata, a plain reading of the letter would "lead any potential reader of the letter at Strata Environmental to conclude that the letter was intended for First Student and was intended to address alleged violations of the Clean Water Act by First Student." (*Id.*)  Alternatively, Strata argues its relationship with First Student is contractual and it does not have sufficient ties to First Student for the notice letter to provide it with adequate notice as required by the CWA. (*Id.* at 10.)

Waste Action Project, in response, argues it only needed to provide sufficient notice such that the recipients of its notice letter could ascertain the nature of the violations at issue as well as who was responsible for them. (Dkt. No. 13 at 10.)  The Notice of Intent to Sue was addressed to the managing agent of Facility #20229 and Waste Action Project believes Strata to be the managing agent for the facility. (*Id.* at 13.)  Waste Action Project also cites to several cases in this District and Circuit for the principal that a party bringing a citizen suit is not responsible "for pars[ing] out liability between defendants in its notice letter, especially when alleging joint liability for all violations." (*Id.* at 11.)

Waste Action Project's notice of intent to sue under the CWA is directed to the following entities:

>
> Managing Agent
> First Student, Inc. #20229
> 1128 St. Paul Avenue
> Tacoma, WA 98421
>
> Managing Agent
> First Student, Inc.
> 600 Vine Street Suite 1400
> Cincinnati, OH 45202
>
> Managing Agent
> First Student, Inc. #20229 C/O Strata Env
> 110 Perimeter Park Rd Suite E
> Knoxville, TN 37922-2247

(Dkt. No. 14-1 at 2.)  The notice letter sent to Strata references Strata only twice.  Waste Action Project references Strata in the address line, where it directs the letter to "First Student, Inc. #20229 C/O Strata Env," and in the text of the letter when it states "[t]his letter is to provide you with sixty days' notice of WAP's intent to file a citizen suit against First Student, Inc. #20229 C/O Strata Env ('First Student') under section 505 of the Clean Water Act."  (*Id.*)  The greeting line of the letter states "Dear Managing Agent."  (*Id.*)

It is clear to the Court that this notice letter was not addressed directly to Strata.  Black's Law Dictionary defines C/O as an abbreviation of "Care of."  *C/O.*, Black's Law Dictionary (11th ed. 2019).  As other courts have observed, use of such a designation indicates "that mail addressed to a person who does not reside at an address will not be delivered by the United States Postal Service unless the mail is addressed 'in care of' someone who does reside at that address.  *Longo v. L. Offs. of Gerald E. Moore & Assocs., P.C.*, No. 04 CV 5759, 2008 WL 4425444, at *3 (N.D. Ill. Sept. 26, 2008).  The use of "care of" does not indicate that the party receiving mail is the subject of the letter.

Waste Action Project has also not established that Strata was First Student's managing agent.  Waste Action Project does not assert in its complaint that Strata is First Student's

managing agent. (*See generally* Dkt. No. 1.)  Managing agent is defined as "[a] person with general power involving the exercise of judgment and discretion, as opposed to an ordinary agent who acts under the direction and control of the principal." *AGENT*, Black's Law Dictionary (11th ed. 2019).  Nothing in the complaint indicates Strata had this authority.

Waste Action Project's additional factual details also fail to prove such a claim.  In his affidavit, Strata's President, Kevin Parr, asserts Strata "is not the operator or managing agent of the facility identified as #20229 located at 1128 St. Paul Avenue, Tacoma, Washington 98421." (Dkt. No. 9 at 5.)  Waste Action Project responds to this argument by asserting Strata's contact information is listed on First Student's ISGP as a "Legal Responsible Party." (*See* Dkt. No. 14-2 at 2.)  However, Strata has submitted an additional affidavit clarifying that the individual listed as the legally responsible party for the ISGP, Susan Kirkpatrick, is employed by First Student, not Strata.  (Dkt. No. 16 at 1.)  A subsequent EPA water compliance inspection report dated March 3, 2022, refers to Strata as "First Student's consultant."  (Dkt. No. 14-9 at 3.)  In short, Waste Action Project's evidence provides only limited insight into Strata's responsibilities at Facility #20229 other than its responsibility for the SWPPP.  It is unclear whether Strata employees had general power to exercise their judgment and discretion regarding their contractual responsibilities or were considered the managing agent of the facility at issue.

Despite the notice letter's facial deficiency, Strata still received adequate notice of Waste Action Project's intent to sue.  The Court agrees with the logic of Judge Richard Jones and that of other courts that the CWA's notice requirement need only "give the Defendants a reasonable opportunity to identify which of them was the responsible owner or operator at the time of the violations." *Puget Soundkeeper All. v. Louis Dreyfus Commodities LLC*, No. C14-803RAJ, 2016 WL 7718644, at *6 (W.D. Wash. Mar. 11, 2016); *see also Paolino v. JF Realty, LLC*, 710 F.3d

31, 40 (1st Cir. 2013) (finding pre-suit notice letter satisfactory because it "allow[ed] the defendants to determine each other's responsibility for the individual violations.").

In *Puget Soundkeeper*, Judge Jones concluded that "proper service of a notice of intent to sue on one member of a group of related corporate entities sharing the same address and registered agent [] serve[d] as proper service as to all of the alleged violators within that group." 2016 WL 7718644 at *4.  The plaintiffs in the action sent their notice of intent to sue to only one company among a group of interrelated companies and subsequently added the other companies to their suit by amending their complaint. *Id.*  Because the companies were interrelated and the notice included the relevant permit number and alleged violations, Judge Jones found the plaintiffs did not need to issue a notice to each of the new defendants in the case. *Id.* at *6. Proper notice to one company among an interrelated group of companies "serve[d] the three chief purposes behind the CWA's notice requirements: to alert the appropriate agencies to the alleged violations, to give 'the alleged violator a chance to voluntarily comply with the CWA before facing administrative or judicial action,' and to provide 'both the regulatory entities and the alleged violators an opportunity to discuss a potential settlement with all of the interested plaintiffs.'" *Id.* (quoting *Friends of Frederick Seig Grove #94 v. Sonoma Cty. Water Agency*, 124 F. Supp. 2d 1161, 1167 n.7 (N.D. Cal. 2000)).

Strata tries to distinguish itself from the companies in *Puget Soundkeeper* by arguing it does not share common ownership with First Student, it is not related to First Student, and it does not own or operate Facility #20229.  (Dkt. 9 at 5.)  However, it is undisputed Strata was served with a notice letter identifying specific violations of First Student's ISGP permit.  (*See generally* Dkt. No. 14-1.)  The notice letter details issues with First Student's SWPPP, which

Strata managed. (Dkt. Nos. 1 at 21–22; 14-7 at 4; 14-9 at 3.)[1] Even though Waste Action Project's notice letter was not directly addressed to Strata, Strata accepted service of the letter and the letter clearly indicated violations of specific permit conditions with which Strata was involved and for which it could face potential liability. The letter thus served the purpose of alerting regulatory entities and potential violators of environmental issues to alleged permit violations and provided them with the ability to bring Facility #20229 into compliance. See *Ctr. For Biological Diversity*, 566 F.3d at 800; *see also Long v. KZF Dev.*, 935 F. Supp. 2d 889, 893 (N.D. Ill. 2013) (finding CWA notice adequate where plaintiff sent notice letter to parent corporation instead of the subsidiary responsible for alleged violations).

Given Strata's apparently regular involvement with regulatory authorities regarding Facility #20229, the Court finds Waste Action Project's notice to Strata was sufficient under the CWA.

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standard

Strata also moves to dismiss Waste Action Project's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 10 at 11.)

When deciding whether to grant a Rule 12(b)(6) motion, the Court must accept well pleaded factual allegations in the complaint as true and construe them in favor of the non-moving party. *Nw. Env't Advocs. v. U.S. Dep't of Com.*, 283 F. Supp. 3d 982, 990 (W.D. Wash. 2017). Factual allegations must be plausible, which means they must be pled with sufficient "factual

---

[1] Strata also communicated with the Washington Department of Ecology regarding issues with First Student's SWPPP on at least one occasion on May 14, 2021. (*See, e.g.*, Dkt. No. 14-21 at 2.)

content [] [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Allowing a court to draw reasonable inferences from a pleading as to a defendant's potential liability is different than the notice necessary to inform the appropriate agencies of the alleged violations under the CWA.  *See* Section III.A.*3*., *supra* (identifying the three chief purposes behind the CWA's notice requirements).

2. *Failure to State a Claim*

The Court finds Waste Action Project engaged in impermissible shotgun pleading and its complaint therefore fails to state a claim.[2]

Strata argues Waste Action Project's complaint "contains virtually no allegations directed specifically to Strata Environmental." (Dkt. No. 10 at 12.)  Waste Action Project conflates First Student with Strata and "[c]onflating Strata Environmental with a separate Defendant without explanation is simply a legal conclusion disguised as a fact." (*Id.*)  Strata also argues Waste Action Project has not pled facts establishing Strata is the managing agent of Facility #20229 nor that Strata "has authority to exercise control over the activities of First Student that are alleged to be causing excess discharges." (Dkt. No. 15 at 7.)

In response, Waste Action Project argues its pleading is sufficient because "the entire complaint clearly refers to both Strata and First Student, collectively, alleging a host of violations committed by Strata" and that all CWA violations in the complaint are alleged against both Strata and First Student.  (Dkt. No. 13 at 13–14.)

---

[2] The Court does not rely on or review the affidavits and evidence presented by the parties in deciding Strata's Rule 12(b)(6) motion.

Waste Action Project's complaint is facially deficient as it does not allow the Court to draw the reasonable inference Strata is liable for the misconduct alleged.  The complaint refers to Strata twice, once in the case caption and once in the opening sentence, when it asserts:

> This action is a citizen suit brought under Section 505 of the Clean Water Act ("CWA") as amended, 33 U.S.C. § 1365. Plaintiff Waste Action Project seeks a declaratory judgment, injunctive relief, the imposition of civil penalties, and the award of costs, including attorneys' and expert witnesses' fees, for Defendants First Student, Inc.'s and Strata Environmental Services, Inc.'s (collectively "First Student") repeated and ongoing violations of effluent standards and limitations under the CWA.

(Dkt. No. 1 at 1.)  The complaint does not otherwise discuss Strata.[3]  This is impermissible shotgun pleading.  *See, e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (affirming dismissal of complaint for shotgun pleading where complaint failed to make a distinction between various defendants even though it was plain from the facts "that all of the defendants could not have participated in every act complained of."); *see also Martin v. Washington State Dep't of Corr.*, No. C20-0311-JCC-MAT, 2021 WL 511205, at *2 (W.D. Wash. Feb. 11, 2021) (dismissing § 1983 complaint that collectively referred to defendants and made no effort to distinguish which parties committed particular actions or were responsible for specific decisions);  *United States v. Sharfi*, No. 21-CV-14205, 2021 WL 9958607, at *4 (S.D. Fla. July 29, 2021) (dismissing claims against corporate officer in his individual capacity for failure to state a claim because the plaintiff did not plead facts specific to the defendant's individual capacity and permitting such claims to proceed would require speculation and assumptions about the scope of the defendant's duties); *Anderson v. JPMorgan Chase & Co.*, No. C18-73 RSM, 2018 WL 3608405, at *2 (W.D. Wash. July 26, 2018) (dismissing complaint

---

[3] The complaint confusingly does not list Strata separately in its section on parties (*see id.* at 3–5), even though it should be obvious to Waste Action Project that Strata and First Student are at least facially distinct corporate entities.

in part because it "violates Rule 8 pleading standards by failing to distinguish between Defendants.").

The Court therefore finds Waste Action Project has failed to plead facts sufficient for the Court to determine Strata is liable for the environmental violations alleged.

### C. Leave to Amend

Though the Court finds Waste Action Project's complaint has failed to state a claim against Strata, the Court also finds it should be permitted to amend its complaint.

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)). The Court finds Waste Action Project may be able to resolve the deficiencies with its original complaint by more properly detailing allegations regarding Strata's involvement in Facility #20229 and alleged violations of First Student's NPDES permit. The Court therefore GRANTS Waste Action Project with leave to amend its complaint.

### IV   CONCLUSION

Accordingly, and having considered Strata's motion (Dkt. No. 9), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Strata's motion is GRANTED in part.

1. Strata's motion to dismiss for lack of subject matter jurisdiction is DENIED.
2. Strata's motion to dismiss for failure to state a claim is GRANTED.
3. Waste Action Project is GRANTED leave to amend its complaint. Waste Action Project shall file an amended complaint no later than 21 days after the entry of this order.

Dated this 30th day of June, 2023.

David G. Estudillo
United States District Judge

ORDER GRANTING IN PART MOTION TO DISMISS (DKT. NO. 9) - 14